NORBERT W. DAVIS, Plaintiff-Appellant, v. GEORGE W. DUNNE, as Chairman of Commissioners of Cook County, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—2501

Opinion filed September 29, 1989.

Goldman & Marcus, of Chicago (Arthur R. Ehrlich and Gerald A. Goldman, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Alison E. O'Hara and Iris E. Sholder, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Norbert Davis, a civil service employee, sued George

Dunne, president of the Board of Commissioners of Cook County, alleging violation of Cook County Civil Service Commission Rules, after defendant Albert Weston was promoted ahead of Davis. The trial court granted Dunne's motion to dismiss with prejudice for failure to state a claim. Davis appeals.

In April 1969, Norbert Davis was employed with the Cook County Environmental Control Department as an inspector I, grade level 15. Davis was appointed chief investigator in 1970. In March 1985, Albert Weston, also an employee of the Cook County Environmental Control Department at grade level 15, was promoted to inspector II, with an increase to grade level 17.

On April 7, 1987, Davis filed a complaint against Dunne and Weston, alleging violation of Cook County Civil Service Commission Rule VIII, which provides in relevant part:

"Sec. 1. Vacancies shall be filled by promotion in all cases where it is practicable, on the basis of ascertained merit, examination, and seniority. All examinations for promotion shall be competitive, and in order to create or increase competition, ranks may be combined for the purpose of promotion. Lines of promotion shall be determined by the Commission. Lines of eligibility for promotion shall be defined, specifying in the examination announcement by title of position the particular ranks entitled to take such promotional examination. The method of and the rules governing any promotional examination and the method of certifying shall be the same as provided for applicants to open competitive examinations except that the Commission shall submit to the appointing officer the names of not more than three applicants having the highest rating for each promotion."

Davis alleged that because Weston had been promoted without a competitive exam or registered list of the three most eligible candidates, and the promotion was not based on seniority or merit, Rule VIII had been violated. Davis requested that Weston's promotion be declared null and void, and that he be awarded the position of inspector II, and alternatively, that he be awarded the position of inspector II without changing Weston's position. Davis further requested costs, fees, and such other relief as the court found appropriate.

Davis argued that the violation of Rule VIII constituted a violation of "An Act to revise the law in relation to counties ***" (Civil Service Act) (Ill. Rev. Stat. 1987, ch. 34, par. 905 et seq.). Section 61.50 of the Civil Service Act provides: "[a]ny person who shall willfully, or through culpable negligence violate any of the provisions of

this Act or any rule promulgated in accordance with the provisions thereof shall be guilty of a Class B misdemeanor." (Ill. Rev. Stat. 1987, ch. 34, par. 1139.) Section 61.52 provides:

"Prosecutions for violations of this Act may be instituted either by the Attorney General, the State's Attorney for the county in which the offense is alleged to have been committed, or by the commission acting through special counsel. Such suits shall be conducted and controlled by the prosecuting officers who institute them, unless they request the aid of other prosecuting officers." Ill. Rev. Stat. 1987, ch. 34, par. 1141.

On October 14, 1987, Dunne moved to dismiss Davis' action, asserting that the Civil Service Act provided no private right of action. The trial court agreed, finding that enforcement of the Civil Service Act was limited to the Attorney General, State's Attorney, or Civil Service Commission, and dismissed Davis' claim with prejudice. Davis appeals.

■ Davis argues that a private right of action should be implied from the Civil Service Act (Ill. Rev. Stat. 1987, ch. 34, par. 905 *et seq.*), because the Act meets the criteria set forth in *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849, which allows a private cause of action where (1) the alleged violation contravenes the public policy of the statute, (2) the plaintiff was within the class of individuals the statute was meant to protect, (3) the plaintiff's injury was one which the statute was meant to prevent, (4) there is a clear need for a private remedy, and (5) nothing in the statute limits the available remedies to those listed in the statute. (*Sawyer Realty*, 89 Ill. 2d at 389.) Here, the trial court ruled that the enumeration of three specific governmental agencies to conduct prosecutions indicated an intent to limit remedies to the criminal penalties. We agree.

■ The presence of criminal penalties alone does not necessarily bar a private right of action. (*Rhodes v. Mill Race Inn, Inc.* (1984), 126 Ill. App. 3d 1024, 1026, 467 N.E.2d 915, *appeal denied* (1985), 101 Ill. 2d 593.) The Civil Service Act, however, does not apply to an area of broad public interest, such as the legislation addressed in *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849 (Real Estate Brokers and Salesmen Licensing Act (Ill. Rev. Stat. 1977, ch. 111, par. 5701 *et seq.*)), or *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353 (Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*)), or *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 128 N.E.2d 691 (Election Code (Ill. Rev. Stat. 1951, ch. 46, par. 17—15)).

Rather, the Act applies to the relatively narrow realm of civil service employment, authorizing election of commissioners in Cook County and providing a framework for appointment, promotion, and removal of civil service employees. The limitation both on the entities that may pursue remedies under the Act and the type of remedy those entities may seek, and the narrow scope of the Act, indicates an intent to limit the remedies to those it provides.

Notwithstanding the intent to limit remedies, the statute fails to satisfy other elements of the *Sawyer Realty* test. Although defendant Dunne correctly states that "the purpose of the Act is to ensure a competent civil service for governmental bodies" (see *Hacker v. Meyrs* (1961), 33 Ill. App. 2d 322, 179 N.E.2d 404), it cannot be gainsaid that its purpose is facilitated by ensuring that civil service employees have tenure in their positions, and that appointments and promotions are based on merit and not influenced by bribery, political loyalties, discrimination of any kind, or any other form of corruption. Clearly, violation of the Act contravenes public policy. Given the narrow focus of the statute, however, it does not necessarily follow that the Act was intended to protect persons such as Davis, was intended to remedy the injury Davis alleged, or that there was a clear need for a private right of action to meet the aims of the Act.

Although a statute's purpose may serve public policy, that purpose alone does not imply a private right of action; it is proper to inquire whether the statute is remedial in nature. (*Rhodes v. Mill Race Inn, Inc.* (1984), 126 Ill. App. 3d 1024, 1027, 467 N.E.2d 915, *appeal denied* (1985), 101 Ill. 2d 593.) Here, the Act prescribes procedures for appointment, promotion, and removal of civil service employees, and prohibits certain discriminatory and politically based misconduct. The Act does not seek to redress wrongs, and therefore, is not remedial in nature. Although the Act protects, in its observance, civil service employees such as Davis, it does not, in its breach, provide a civil remedy for those employees.

In summary, Davis brought a claim pursuant to the Civil Service Act, but given the narrow focus of the Act, and its specific limitations on who may prosecute under the Act and the remedies they may seek, the Act was not intended to support a private right of action. In the absence of a private right of action, dismissal of Davis' claim with prejudice was proper and is accordingly affirmed.

Affirmed.

MANNING, P.J., and BUCKLEY, J., concur.