**Phyllis A. PORTER, and Barbara M. Guilbeaux, Plaintiffs,**

v.

**BOARD OF EDUCATION OF the CITY OF CHICAGO, et al., Defendants.**

No. 92–C–533.

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1993.

Susan Ellyn Einspar-Wayne, Law Office of Deborah W. Owens, Hinsdale, IL, for plaintiff.

Irving Bert Levinson/Jeannine M. Cordero/Cheryl Blackwell Bryson Rivkin, Radler & Kremer, Karen Gatsis Anderson/Janet Berniece Johnson-Vinion/Michael Joseph Hernandez/William J. Quinlan City of Chicago Board of Education, David Lincoln Ader/Ronald S. Cope/Brian P. Mack—Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiffs Phyllis A. Porter and Barbara M. Guilbeaux have sued District 299 of the Chicago Board of Education, Pamela Dukes, George H. Eddings, and several other individuals in a five count First Amended Complaint. The Plaintiffs seek compensatory damages, punitive damages, and other relief based on their being disciplined by Defendants for their comments and conduct at certain school board meetings. Defendant Dukes filed a Motion to Dismiss as did the other individual defendants ("Collective Defendants"). Defendant Eddings also filed a Motion to Strike the Plaintiffs' Complaint, pursuant to Fed.R.Civ.P. 12(f). The Court referred these motions to Magistrate Judge Edward A. Bobrick who wrote a Report and Recommendation, dated June 8, 1993 (the "R & R"), recommending that the Court grant Defendant Dukes's Motion to Dismiss with respect to part of Count I, and with respect to the entirety of Counts III, IV, and V, and that the Court grant the Collective Defendants' Motion to Dismiss with respect to Counts III and IV. The R & R also recommends that the Court deny Defendant Eddings's Motion to Strike. This R & R is now before the Court.

Plaintiffs have filed objections to the R & R, pursuant to Fed.R.Civ.P. 72(b).[1] Plaintiffs contend that Magistrate Judge Bobrick

---

1. Plaintiffs actually label their objections as Rule 72(a) objections. However, as the Motions now before the Court are dispositive motions, the Court reviews the decision of the Magistrate Judge *de novo*. *See* Fed.R.Civ.P. 72(b).

erred when he recommended dismissal of Counts III and V of the First Amended Complaint. Having now reviewed the R & R, the objections thereto, and briefs from the parties, the Court accepts and adopts the Report and Recommendation, subject to a single clarification regarding the Fifth Count.

Initially, the Court notes that Plaintiffs and Defendants have filed no objections other than those made regarding Counts III and V. Accordingly, to the extent that the R & R is not objected to, the Court grants Defendants' Motions to Dismiss and denies Defendant Eddings's Motion to Strike as recommended. The parties' failure to file objections to the R & R constitutes a waiver of their right to appeal this Court's order. *See Provident Bank v. Manor Steel Corp.,* 882 F.2d 258 (7th Cir.1989).

Plaintiffs first object to the Magistrate Judge's recommendation that the Court dismiss Count III of the Complaint. In that Count Plaintiffs seek to recover under Section 34–19.1 of the Illinois School Code. Ill. Rev.Stat. ch. 122, para. 34–19.1 (1991) [currently codified at 105 ILCS 5/34–19.1 (1993) ]. That section states:

> At each regular and special meeting which is open to the public, members of the public and employees of the district shall be afforded time, subject to reasonable constraints to comment and ask questions of the board.

Ill.Rev.Stat. ch. 122, para. 34–19.1 (1991). The Magistrate Judge recommends that the Court dismiss the Count based on this section because there is no explicit private right of action within the statute and there is no basis to imply one. The Court agrees.

The Illinois Supreme Court's decision in *Sawyer Realty Group, Inc. v. Jarvis Corp.,* 89 Ill.2d 379, 59 Ill.Dec. 905, 432 N.E.2d 849 (1982), governs this Court's decision whether to imply a private right of action for an Illinois statute. That case summarizes Illinois law with regard to implied rights of actions. There, the Illinois Supreme Court pointed out that Illinois courts were more willing than federal courts to imply a private remedy when "there exists a clear need to effectuate the purpose of an act." *Id.* 59 Ill.Dec. at 909, 432 N.E.2d at

853. Where a private right of action is (1) consistent with the underlying purpose of the legislation, and (2) necessary to achieve the aim of the legislation, such a remedy may be implied. *Id.* 59 Ill.Dec. at 908, 432 N.E.2d at 852. When determining whether, in permissible circumstances, to imply a right of action, Illinois courts follow the five part test articulated in *Sherman v. Field Clinic,* 74 Ill.App.3d 21, 29 Ill.Dec. 597, 392 N.E.2d 154 (1979). The test asks:

> (1) Does the violation alleged contravene the public policy of the State? (2) Are the plaintiffs within the class the statute was designed to protect? (3) Is the injury one the statute was designed to prevent? (4) Is the need for civil actions under the statue clear? (5) Is there any indication that remedies available are limited to those enumerated in the Act?

*Sawyer,* 59 Ill.Dec. at 909, 432 N.E.2d at 853 (citing *Sherman* ); *see also Davis v. Dunne,* 189 Ill.App.3d 739, 136 Ill.Dec. 1015, 1016, 545 N.E.2d 539, 540 (1989) (citing *Sawyer* ).

Applying the *Sherman* test, the Court concludes that Magistrate Judge Bobrick correctly recommended that Count III be dismissed. It cannot be disputed that the alleged violation contravene's the state's public policy; the state's policy is stated by the statute, the state would prefer that employees and members of the public be permitted to speak at board meetings. However, although a statute's purpose may serve public policy, that conclusion alone is insufficient to imply a private right of action. *See Davis v. Dunne,* 136 Ill.Dec. at 1017, 545 N.E.2d at 541. The statute must also be remedial. *Id.* In the opinion of the Court, as recommended by Magistrate Judge Bobrick, the statute is not remedial. Plaintiffs here are not the intended beneficiaries of the statute, and did not suffer an injury intended to be prevented by the statute. Furthermore, there is no clear need for permitting a civil action under the statute and there is no indication that additional remedies are needed. While, as Plaintiffs contend, the statute was intended to encourage greater community participation in the Chicago Public Schools, its larger purpose and primary goal is to improve education for the students in the Chicago Public Schools. *See* Ill.Rev.Stat. ch.

122, para. 34–1.01 (1991) (stating the legislature's primary goals). The School Code was thus intended to redress the greater inadequacies in the educations provided by the Chicago Public schools; it was not intended to provide a cause of action for every frustrated employee or member of the public who is prevented, intentionally or not, from venting those frustrations at a school board meeting. Had such a broad remedy been intended by the Illinois State legislature, it would have been explicitly stated.

Plaintiffs offer *Witt v. Forest Hosp. Inc.*, 115 Ill.App.3d 481, 71 Ill.Dec. 123, 450 N.E.2d 811 (1983), as an example of a case in which an unintended beneficiary of state policy was provided with an implied statutory right of action. In *Witt*, an Illinois appellate court permitted the plaintiff to proceed with a private right of action despite the Illinois legislature's failure to explicitly provide one. The plaintiff in that case had been terminated, contrary to state policy, because she provided information to the Guardianship and Advocacy Commission. Thus, the case may be read to permit a cause of action under the relevant statue. In *Witt*, unlike here, however, the final policy of the statute, protecting the mentally ill, would have been "substantially hampered" without an implied right of action. Here, enforcement of the section in question has a far more attenuated effect on the final goal of the statute itself. In addition, *Witt* may also be read as a retaliatory discharge case based on the tort doctrine rather than an implied right of action. However one reads *Witt*, the Court does not find that the outcome in that case necessitates implying a private right of action here.

The Court's conclusion in this regard is consistent with Judge Kocoras's decision in *Ahern v. Board of Educ.*, No. 92–C–4074, 1992 WL 373030 (N.D.Ill. Dec. 9, 1992). There, Judge Kocoras refused to imply a private right of action under the Illinois School Code to remedy discrimination against several public school principals. While Judge Kocoras noted that the Illinois School Code was intended to increase community involvement in the schools, the case's holding indicates that the statute was not intended to redress harms to individuals.

Accordingly, with respect to Count III, the Court accepts and adopts the R & R of the Magistrate Judge. The Motions to Dismiss are GRANTED with respect to that Count.

Plaintiffs also object to the Magistrate Judge's recommendation with respect to Count V. The Magistrate Judge recommends that the Court dismiss Count V because Plaintiffs pleaded too broad a class of individuals when trying to establish that they were "similarly situated" with members of the public. While the Court agrees with the conclusion of the Magistrate Judge, the Court would like to clarify part of the reasoning behind this conclusion.

The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated persons alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). When, as here, the alleged government discrimination is based on selective application of a government rule, *see Bennett v. Village of Oak Park*, 748 F.Supp. 1329 (N.D.Ill.1990) (stating that the selective enforcement of a statute may violate equal protection), the plaintiff must plead and prove intentional discrimination on the part of the government. *See Sims v. Mulcahy*, 902 F.2d 524, 538–39 (7th Cir.), *cert. denied*, 498 U.S. 897, 111 S.Ct. 249, 112 L.Ed.2d 207 (1990). In addition, a plaintiff must show discrimination based on membership in a particular disfavored class, not just on an individual basis. *Sims v. Mulcahy*, 902 F.2d at 538.

Here, Plaintiffs plead membership in a disfavored class but apparently seek to prove discrimination based on either an individual basis or membership in an entirely different class. It is apparent that Plaintiffs have plead membership in a particular class, that of board employees, it is not at all apparent from their complaint that they intend to prove discrimination based on their membership in that class. Plaintiffs plead that they are members of the disfavored class of board employees. Yet, their entire complaint is founded on them being discriminated against not because of their status as board employees, but because of their status as board critics, a different class of individuals.

Plaintiffs correctly contend, in their Reply brief in support of their objections, that a speaker states an equal protection claim when she asserts that the government, by its actions, intentionally favored one set of speakers over another. *See Police Dep't v. Mosely,* 408 U.S. 92, 95, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972). To state such a claim, however, a plaintiff must allege status as a member of a class of individuals whose expressive conduct was disfavored. Here, Plaintiffs claim status as board employees but apparently do not seek to prove that they were discriminated against merely because they were board employees, implying that the board intended to discriminate against all employees regardless of the content of their speech. Rather, Plaintiffs apparently intend to prove discrimination based upon membership in a smaller class, either the class of individuals critical of the board or the class of employees who criticized the board.

Therefore, Defendants' Motions to Dismiss, with respect to Count V, are GRANTED. However, to avoid elevating form over substance, the Court grants Plaintiffs thirty days from the date of this order in which to file an appropriate amended complaint.

Accordingly, the Court accepts and adopts the Report and Recommendation of the Magistrate Judge. With respect to that part of Count I alleging a claim under 42 U.S.C. § 1985(3), and Counts II, IV, and V, Defendants' Motions to Dismiss are GRANTED. In all other respects, and with respect to Defendant Eddings's Motion to Strike, the Motions are DENIED. The Court clarifies, however, that Count V is dismissed without prejudice. Plaintiffs are granted thirty days in which to file a Second Amended Complaint amending that Count.