Emerald PORK, II, Ltd., an Illinois
corporation and Michael R. Hack,
Plaintiffs/Counter–Defendants,

v.

PURINA MILLS, INC., a Delaware
corporation, De fendant/Counter–
Plaintiff.

No. 97–3350.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 23, 1998.

Daniel J. Davlantis, Springfield, IL, for Plaintiffs/Counter–Defendants.

Thomas H. Wilson, Stephen R. Kautmann, Michael J. Kokal, Springfield, IL, for Defendant/Counter–Plaintiff.

## OPINION

RICHARD MILLS, District Judge.

Does the Illinois Commercial Feed Act of 1961 provide for an implied private cause of action?

No.

### I. FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

Plaintiffs produce, finish, and sell commercial swine and hogs in Illinois. Defendant manufactures and sells commercial animal feed, including swine feed. From June 1996, Plaintiffs fed their swine nothing but Defendant's swine feed. Therefore, Defendant's feed was responsible for meeting the nutritional needs of Plaintiffs' commercial swine herds.

Plaintiffs allege that the swine feed which they purchased from Defendant was of an inferior quality. As a result, Plaintiffs allege that they have suffered a loss of sales, profits, future sales, and future profits they would have otherwise made had the swine feed which they purchased from Defendant not been of an inferior quality. Accordingly, Plaintiffs have each brought a cause action against Defendant alleging that, in selling them inferior swine feed, Defendant breached the implied warranty of merchantability, breached the duty of fitness for a particular purpose, and violated the Illinois Commercial Feed Act of 1961. 505 ILCS 30/1 *et seq.*

### II. LEGAL STANDARD FOR MOTIONS TO DISMISS

In ruling on a motion to dismiss, the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor*

*Co.*, 745 F.2d 1101, 1106 (7th Cir.1984). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

Defendant has moved to dismiss Counts III and VI of Plaintiffs' First Amended Complaint. Defendant argues that there is no implied private cause of action under the Illinois Commercial Feed Act of 1961. Defendant asserts that the Act is clearly regulatory rather than remedial in nature and that an implied private cause of action is unnecessary because a purchaser of animal feed who has purchased inferior feed has other remedies available to correct his wrong. Accordingly, Defendant asks the Court to dismiss Counts III and VI because there is no implied private right of action under the Illinois Commercial Feed Act of 1961.

Plaintiffs ask the Court to find an implied private cause of action in the Act. Plaintiffs argue that, contrary to Defendant's assertion, the Act is remedial in nature in that its primary purpose is the protection of property and public health. Plaintiffs assert that the factors which the Court must consider in determining whether to find an implied private cause of action weigh in favor of making such a finding. Accordingly, Plaintiffs ask the Court to deny Defendant's motion.

A private cause of action will be implied in Illinois only if:

(1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act.

*Corgan v. Muehling,* 143 Ill.2d 296, 312–313, 574 N.E.2d 602, 609, 158 Ill.Dec. 489, 496 (Ill.1991); *Noyola v. Bd. of Educ. of City of Chicago,* 179 Ill.2d 121, 131, 688 N.E.2d 81, 85, 227 Ill.Dec. 744, 748 (1997); *Rodgers v. St. Mary's Hosp. of Decatur,* 149 Ill.2d 302, 308, 597 N.E.2d 616, 619, 173 Ill.Dec. 642, 645 (Ill.1992). However, Illinois courts have "demonstrated a willingness to imply a private remedy where there exists a clear need to effectuate the purpose of an act." *Sawyer Realty Group, Inc. v. Jarvis Corp.,* 89 Ill.2d 379, 391, 432 N.E.2d 849, 853, 59 Ill.Dec. 905, 909 (Ill.1982). In determining the Illinois General Assembly's intent, the Court must look to the statute's language as being the best indication of intent. *Moore v. Lumpkin,* 258 Ill.App.3d 980, 989, 630 N.E.2d 982, 988, 196 Ill.Dec. 817, 824 (1994).

In the instant case, the Court finds that the Illinois General Assembly did not intend to provide for a private cause of action under the Illinois Commercial Feed Act of 1961. The General Assembly has clearly given the Director of the Illinois Department of Agriculture the authority to enforce this statute rather than relying upon individuals to bring suit either on their own behalf or acting as private attorney generals. 505 ILCS 30/2; 505 ILCS 30/10(a). Moreover, the state legislature has indicated that the penalties for failing to comply with the Act are criminal in nature. 505 ILCS 30/12.

Furthermore, allowing a private cause of action would be inconsistent with the purpose of the Act. Illinois courts have held "that in determining whether a private right of action should be implied, it is proper to ask whether the statute is remedial, *i.e.*, does the statute seek to redress wrongs against individuals who are harmed because the statute is violated." *Moore,* 258 Ill.App.3d at 999–1000, 630 N.E.2d at 996, 196 Ill.Dec. at 831, citing *Davis v. Dunne,* 189 Ill.App.3d 739, 743, 545 N.E.2d 539, 541, 136 Ill.Dec. 1015, 1017 (1989). The Court agrees with the Illinois Appellate Court for the Fourth District that the purpose of the Illinois Commercial Feed Act is regulatory, rather than remedial, in nature. In *Nutri–Pro, Inc. v. Phelps,* 172 Ill.App.3d 505, 526 N.E.2d 891, 122 Ill.Dec. 498 (1988), that court opined:

The Commercial Feed Act of 1961 is a statute whose purpose is to compel the registration of information concerning the

contents of animal feeds sold in this State. While the statute does contain penalties which include fines and injunctions, the Director of the Department of Agriculture has wide discretion in enforcing the act and need not prosecute minor infractions if he feels that is in the public interest. *The subject matter here is clearly the registration of information, not the regulation of feed sales.* The statute does forbid the sale of misbranded feeds and the legislature could just as easily forbid the sale of unregistered feeds or could have retained the licensing scheme which existed under the predecessor to the current statute. That it did not indicates the legislature intended the penalties provided only as sanctions to compel compliance with the registration requirements, not to interfere in commercial transactions between private parties.

*Id.* at 510, 526 N.E.2d at 893, 122 Ill.Dec. at 500 (emphasis added). Therefore, the Court finds that the Illinois Commercial Feed of Act of 1961 does not contain an implied private cause of action because to do so would be inconsistent with the underlying purpose of the Act.

*Ergo,* Defendant's Motion to Dismiss Counts III and VI is ALLOWED. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts III and VI of Plaintiffs' First Amended Complaint are hereby DISMISSED WITH PREJUDICE.