(No. 98-CC-4563—

BAKER'S PHARMACY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 20, 1999.*

*Order on petition for rehearing filed December 15, 1999.*

MOORE, SUSLER, MCNUTT, WRIGLEY (KAREN L. ROOT, of counsel), for Claimant.

JIM E. RYAN, Attorney General (GREGORY T. RIDDLE, Assistant Attorney General, of counsel), for Respondent.

## OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

EPSTEIN, J.

This $113,475 claim against the Respondent's Department of Corrections ("IDOC"), which alleges a violation of the [former] Illinois Purchasing Act (count I) and a breach of contract (count II), is before us for rulings on three motions: (1) Claimant's motion for summary judgment on both counts, with relies *inter alia* on admissions effected by the Respondent's failure to deny Claimant's requests to admit; (2) Respondent's tardy motion for a retroactive extension of time in which to respond to Claimant's requests to admit and "other" discovery requests; and (3) Respondent's cross-motion for summary judgment on both counts.

## Nature of the Claims

Claimant is a pharmacy and sole proprietorship of James Shupenus, Sr., in Winchester, Illinois. Pursuant to a competitive bidding, Claimant entered into a contract with IDOC (dated May 18, 1993) to supply pharmaceutical services to the Jacksonville Correctional Center ("Jacksonville") in FY 1994. By a later agreement (dated July 1, 1994) that was apparently not the result of a bidding procedure, the Claimant's contract was extended to cover the two-year period ending June 30, 1996, *i.e.*, FY 95-96. Complaint, pars. 4, 6, exhibits A, B.

Claimant asserts that the contract granted it the exclusive right to provide pharmacy services, including dispensing of drugs, to Jacksonville at a "dispensing fee" of $0.48 for each prescription as well as reimbursement for the drugs at certain published rates. Complaint, par. 7.

By letter (dated November 21, 1994), IDOC gave Claimant notice of the "termination of your contract * * * per * * * the * * * agreement" as of January 1, 1995, when another provider "will assume all responsibility for * * * medical services" to Jacksonville. (Complaint, par. 8, exhibit C.) IDOC contracted with another company to provide pharmaceutical and other medical services to Jacksonville. Claimant alleges that that contract was not, but statutorily should have been, competitively bid; Respondent says that that contract was bid, but legally need not have been. As of January, 1995, IDOC ceased using Claimant's services.

Count I asserts Claimant's exclusive rights under the extended contract and alleges that the contract of its replacement provider is void, as in violation of the competitive bidding requirements of the former Purchasing Act (formerly 30 ILCS 505/6.a). Claimant asks us for damages, to declare the other contract void *ab initio* and to

award it attorney's fees and costs. Count II is a breach of contract claim that asserts the extended IDOC contract, a breach by IDOC's nonperformance (Complaint, count II, par. 10) and consequential damages.

Respondent's cross-motion for summary judgment asserts legal defenses: as to the count I statutory claim, a failure to state a cause of action and the lack of a private right of action under Illinois Purchasing Act, and as to the count II contract claim, the termination of the contract. As noted, Respondent also disputes the allegation that the later contract was not bid.

### The Requests to Admit:
### Respondent's Motion to Extend

We first address the request to admit extension motion, as its disposition affects the factual posture of the motions. The governing provision in Supreme Court Rule 216 (applicable here by virtue of our rule, 74 Ill. Admin. Code 790.20), which provides materially as follows:

"Rule 216. Admission of Fact or of Genuineness of Documents

(a) Requests for Admission. A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request.

* * *

(c) Admission in the Absence of Denial. Each of the matters of fact * * * is admitted unless, within 28 days after service thereof, the [requested] party * * * serves upon the [requesting] party * * * either (1) a sworn statement denying specifically the matters * * * or setting forth * * * the reasons why he cannot truthfully admit or deny those matters or (2) written objections * * *"

Under the rule, the Claimant's requests to admit, which were not timely denied nor objected to, stand admitted. Almost two months late, the Respondent filed its extension motion seeking a retroactive reopening of the Rule 216 procedure, which had already run its course. Such an after-the-fact extension is allowable under

Supreme Court Rule 183.[1] *Bright v. Dickey* (1995), 166 Ill. 2d 204, 209 Ill. Dec. 735, 652 N.E.2d 275.

However, the movant must satisfy the "good cause shown" requirement of Rule 183, which mandates an affirmative showing beyond merely the absence of prejudice to the other party. (*Bright v. Dickey, supra.*) Here, as in *Bright*, the movant failed to show good cause.

Respondent's sole attempt to show good cause is to point out that three successive assistant attorneys general (AAGs) have been assigned to represent it in this case. Although the current AAG, Bradley R. Bucher, has been extremely diligent, the Respondent has not shown any good cause for its earlier failure to respond to the Claimant's request or its counsel's failure even to request an extension of the response deadline, which would almost surely have been granted absent prejudice or a history of delay. This Court is painfully aware of the workload burdens on the Attorney General's office, which are advanced to us constantly in documented extension requests. But the predictable mobility of AAGs is simply not good cause for allowing cases to go untended. The Claimant is entitled to its admissions.

## Count I: The Purchasing Act Claim

Both parties have moved for a full summary judgment on the count I claim, which is predicated on a violation of the [former] Illinois Purchasing Act—by IDOC's letting of the successor/replacement contract without

---

[1] We unhesitatingly apply Supreme Court Rule 183 to this Supreme Court Rule 216 extension issue. These rules are *pari passu* and are both applicable here by virtue of our adoption of the Supreme Court Rules to govern practice in this Court. (74 Ill. Admin. Code 790.20) We observe, however, that in this Court the Supreme Court Rules hold the status of rules adopted pursuant to *this* Court's *statutory* authority to adopt procedural rules. Accordingly, the applicability of Supreme Court Rule 183 to effect retroactive extensions of *statutory* deadlines in this Court (*e.g.*, deadlines imposed by the Court of Claims Act) presents additional considerations that are not addressed here.

competitive bidding. Claimant alleges, without explanation or causal facts, that Claimant suffered damages as "a result of [IDOC's] violation of the * * * statute" (Complaint, count I, par. 11).

Claimant's motion is factually supported, as to liability at least, by the Respondent's admissions pursuant to the request to admit; the critical admission is that the challenged contract was not bid. Respondent's later submission of an affidavit (in support of its cross-motion) to the effect that IDOC in fact utilized a bid procedure cannot supersede its factual admission that the later contract was unbid. The Court entertains the cross-motions on the basis of the undisputed (admitted) fact that the successor contract was not bid, and rejects the bid-in-fact defense of Respondent's cross-motion.

We thus turn to the issues of law raised by the Respondent's summary judgment motion as to which there are no disputed issues of material fact.

On the count I liability issue, *i.e.*, liability arising from a violation of the former Illinois Purchasing Act, we agree with the Respondent's contention that count I is predicated on a direct private cause of action under the Purchasing Act, and that that Act did not create a private right of action, citing *Sawyer v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849; and *Davis v. Dunne* (1st Dist. 1989), 189 Ill. App. 3d 739, 545 N.E.2d 539. This Court recently reviewed the Illinois law of private statutory causes of action, including *Sawyer* and its progeny, in *Farrell v. State*, No. 95-CC-0594, supp. op. on denial of rehearing, September 5, 1997. It is clear to us on review of this former statute that no private right of action for damages was created by the former Illinois Purchasing Act. Claimant has not presented authority or a cogent argument to the contrary.

. We also agree with Respondent's contention that count I fails to state a cause of action for violation of the former Purchasing Act because the challenged successor contract for pharmaceutical services and supplies was a contract for professional services, and was thus exempt from the competitive bidding requirements of the former statute. 30 ILCS 505/1 *et seq.* (1996).

For these reasons, Claimant's count I claim fails as to liability as a matter of law. Accordingly, as to count I, Respondent's summary judgment motion will be granted and Claimant's will be denied.

### Count II: The Breach of Contract Claim

Both parties have moved for a full summary judgment on the count II claim, which is predicated on IDOC's failure to utilize the Claimant's pharmaceutical services at Jacksonville during the remainder of the extended term (18 months) of Claimant's contract with IDOC. Again the Claimant's motion is factually supported by the Respondent's admissions, and again, Respondent's cross-motion is primarily based on legal issues that rest on undisputed facts.

Although Claimant's count II contract claim suffers from other defects that are not now dispositive—especially as to its unexplained and factually unsupported damages claim—its contractual liability basis fails as a matter of law, which is dispositive, for two reasons.

First, the Contract on its face is unambiguously *not* exclusive. The exclusivity allegation is a critical element of Claimant's contract theory—that it had a contractual right to be the *sole* pharmaceutical provider for Jacksonville for the duration of the contract. But there is not a word of exclusivity in this contract. It nowhere uses language that even hints at a "sole" source or "exclusive" supply or that

Claimant would be the "only" pharmaceutical service at Jacksonville.

Claimant tries to plug this hole in its claim by utilizing the Respondent's "admission" that the contract "allowed Baker's Pharmacy the exclusive right to provide pharmaceutical services to Jacksonville * * *" (Claimant's request to admit, par. 5.) Claimant's tactic is cute, sneaky and ineffective. The purported admission is not an admission of fact, but of the conclusory interpretation of a contract, which is a matter of law. (*UIDC Management, Inc. v. Sears Roebuck and Co.* (1986), 141 Ill. App. 3d 227, 490 N.E.2d 164.) Moreover, even if the Respondent were deemed to have admitted a "fact" of the contract's exclusivity, such an admission by a party is itself inadmissible as parole evidence as to the contract's interpretation given the Court's finding that the contract in this regard is unambiguous. (*See, e.g., UIDC Management, supra.*) Claimant has thus elicited an inadmissible admission.

Second, it is clear and undisputed legally as well as factually that the underlying contract between the Claimant and IDOC (1) was terminated by IDOC as of January, 1995, and (2) was subject to being terminated unilaterally, without cause, under the terms of that contract, which in material part provided:

"CANCELLATION/REMEDIES FOR BREACH
* * *

Unless otherwise specified, the Department may terminate this contract in whole or in part, without cause, by giving the contractor thirty (30) days written notice. In the event of cancellation, the contractor shall take all steps necessary and reasonable to mitigate closeout costs to the Department. Upon cancellation, contractor will be paid for work satisfactorily completed prior to the effective date of the cancellation."

Claimant itself pleads the Respondent's notice-of-termination letter which Respondent has also asserted in its cross-motion for summary judgment. There is no factual issue about the termination having been duly made

and timely communicated more than 30 days before the January 1, 1995 termination date. With that termination, Claimant's contract rights ceased, and there is no basis for any liability on this contract for the remainder of the extended contract period after January 1, 1995. On that, the Respondent is entitled to judgment as a matter of law.

For these reasons, Claimant's motion for summary judgment as to count I will be denied. We will grant Respondent's summary judgment motion, with some hesitancy, as to the entire count II contract claim, although it is not absolutely clear that Claimant's damage claims are restricted to the post-January 1, 1995, period for which we have concluded that Claimant's liability claim fails as a matter of law. However, it appears that such is the case.

We are uninclined to indulge a Claimant in an expansive view of its damages claim that it has not clearly pleaded and has not cogently asserted to this Court. If Claimant indeed claims damages arising before the 1995 termination, it may request reconsideration with a proposed amended complaint that clearly identifies those damages and their causation, and we will reconsider our conclusions at that time.

## Conclusion

It is unusual, to say the least, for a Claimant to lose on summary judgment despite having won comprehensive admissions of fact by default of the other side—admissions that the Claimant itself formulated. This Claimant has reached this pinnacle of dichotomy between procedural success and substantive failure due to the legal baselessness of its claims.

For the reasons set forth above, the Court finds that on the undisputed facts before us, the Respondent is entitled to judgment as a matter of law on both counts I and II.

Accordingly, it is hereby ordered:

1. Respondent's motion for an extension of time in which to respond to the Claimant's requests to admit is denied for want of good cause;

2. Claimant's tardy motion to strike the Respondent's affidavit and response to the requests to admit is denied as moot;

3. Claimant's motion for summary judgment is denied in its entirety;

4. Respondent's motion for summary judgment is granted as to counts I and II; and

5. Claimant's claims herein are denied and forever barred.

## ORDER ON PETITION FOR REHEARING

EPSTEIN, J.

Claimant has timely petitioned for rehearing of our opinion of July 20, 1999, in which we denied this claim on summary judgment. Claimant also requests oral argument.

This Court rejected Claimant's two causes of action as a matter of law: count I, an action for improper contract award (to Claimant's successor) under the [former] Illinois Purchasing Act; and count II, a breach of contract action for wrongful termination of a contract for services to IDOC. Claimant's petition for rehearing (incorrectly styled as a "motion for review") does not even address the primary grounds on which its claims were rejected: (1) no private cause of action under the Purchasing Act; and (2) no wrongful termination of the contract (due to IDOC's express right *in the contract* to terminate it without cause).

Accordingly, the arguments now advanced by Claimant, even if they had merit, would not warrant reversal of

the judgment. For this reason alone, the petition for rehearing is inadequate on its face and does not warrant rehearing.

Claimant's arguments on rehearing are also meritless. Although we need not address Claimant's current contentions, two contract interpretation points deserve memorialization.

Claimant's breach of contract theory was predicated on it having had an *exclusive* contract with IDOC, *i.e.*, a sole source contract, such that a wrongful termination would result in Claimant's loss of an entitlement to a predictable or ascertainable amount of business (and profits). On this "exclusivity" issue, Claimant now argues:

(a) that the Court "unfairly" criticized its effort to characterize the disputed contract as "exclusive" on the basis of the Respondent's admission (by its failure to timely deny claimant's request to admit facts); and

(b) that the Court erred in finding that "there is not a word of exclusivity in this contract" (Slip. Op., 4) because of the following provision in the contract (in its General Terms and Conditions):

"Subcontracting

Services will be performed only by the contracting party. No subcontracting is contemplated within this Agreement unless otherwise specified in the section on contractual services to be provided."

On the admission issue, the Claimant does not address or dispute the point that the interpretation of a contract—especially a facially unambiguous contract—is a matter of law and not a matter of fact, and therefore a party's factual "admission" of a contract interpretation issue is not dispositive and is ordinarily irrelevant. Claimant has cited no authority to the contrary.

On the issue of Claimant's "exclusive" right to provide the contracted services to IDOC, the Claimant's belated

discovery of this subcontracting provision adds not a word of exclusivity to this contract. This provision does not provide any exclusivity of the *contractor's* [*i.e.,* Claimant's] services to IDOC and imposes no limitations on IDOC whatever. This clause limits only the *contractor* as to *its* use of *subcontractors*, and mandates exclusivity *"within* this Agreement" only. This provision has utterly nothing to do with IDOC's right to use other providers, which is the only exclusivity issue that matters here.

Unlike Claimant's misuse of a factual admission as a legal conclusion, this erroneous argument is neither cute nor sneaky: It is merely 180 degrees off-target.

Claimant does point out one error in the Court's opinion, which should be corrected. Our order inadvertently labeled as "tardy" the Claimant's motion (to strike the Respondent's affidavit), when it was the Respondent's motion (for an extension of time to respond to the request to admit) that was filed late. Claimant is correct that its motion to strike was not tardy. With this correction, and the additional comments above, the Court adheres to its initial opinion.

The petition for rehearing and request for oral argument are denied.