NATHANIEL BURTON, plaintiff in error, v. JAMES McClellan, defendant in error.

*Error to Kane.*

If an illegal act be done, the party doing or causing the illegal act to be done, is responsible for all consequences resulting from the act.

No authority is given, by § 148 of the Criminal Code, to fire prairies in the month of December; and a person setting such fire is bound to use every possible diligence to prevent injury to others; and to justify such an act on the ground that he was compelled to set a back fire to protect his own possessions from another fire, he must show the absolute necessity which existed, at the time, for such an act, and that every possible precaution was used to prevent injury. The *onus probandi*, in such case, is with the person setting the fire; the person injured is not obliged to prove negligence in order to sustain an action for his loss.

THIS was an action of *trespass on the case*, brought by Burton against McClellan, in the Kane Circuit Court.

The declaration alleged, that the " plaintiff, on the thirteenth day of December, in the year of our Lord one thousand eight hundred and thirty-eight, at the place aforesaid, was and still is possessed of about forty acres of land in said county, on which there were twenty stacks of wheat in the sheaf; twenty stacks of barley in the sheaf; twenty stacks of oats in the sheaf; five stacks of buckwheat, and five stacks of hay, around which there was a fence; all of which the defendant well knew; yet the said defendant, at the time and place aforesaid, wittingly, knowingly, and intentionally, kindled a fire on the prairies nearly adjoining the said premises of the said plaintiff, and so negligently and carelessly watched and tended the said fire, that the said fire came into and upon the said premises of the said plaintiff, and consumed the said stacks of grain and hay, and the said fence, of the value of eight hundred dollars; and also, one mile of staked and rail fence on the said premises being situate, of the value of two hundred dollars; and consumed the grass and stubble growing and being on said land, to the damage of the said plaintiff, of one thousand dollars."

The defendant pleaded not guilty. The cause was tried at the September term of the Court below, before the Hon. Thomas Ford and a jury. Verdict and judgment were rendered for the defendant.

The following bills of exceptions were taken:

" Be it remembered, that on the trial of this cause, it was proved, that the defendant had a field enclosed in the prairie, in the county of Kane, and that the plaintiff owned a field, north, about a mile distant from the field or enclosure of the defendant; that in the month of December, 1838, defendant set a fire in the prairie around his enclosure, burning a strip of land around it, for the purpose of protecting it and his fences from the prairie fire; and there was evi-

Burton *v.* McClellan.

dence tending to prove that this fire, thus set by the defendant, spread over the intervening prairie, and extended to and destroyed the plaintiff's stacks of grain, which were surrounded by grass, and exposed to be burnt by such fires; though there was other evidence tending to prove that there were other fires that extended to and destroyed plaintiff's stacks.

" There was also evidence tending to prove, that there were fires burning on the prairie westerly of the defendant's field, and that a strong westerly wind was blowing, which was rapidly driving the fire towards the defendant's field, and would have reached it in ten or fifteen minutes; and that the direction of the wind was such, that it would have blown the fire directly to the plaintiff's stacks.

" It was also proved, that this last mentioned fire would probably have destroyed the defendant's fence and crops, if he had not protected it by setting a back fire around his field as abovementioned, and that it would also have destroyed plaintiff's stacks.

" The evidence conduced to prove, that the defendant commenced firing about the northwest corner of his field; that he extended his fire south, on the west side, and east, on the south side, to the southeast corner; and it was proved that when the fire got round the southeast corner, and was progressing with the wind to the northeast, in the direction of the plaintiff's stacks, the defendant said, ' well it is gone, let it go.' It was also proved, that the plaintiff's stacks were situated in his field, on the prairie, surrounded with grass, and liable to be consumed by fires of the prairies, and that neither his stacks, nor the defendant's field had been ploughed around, or otherwise secured from fire.

" The judge instructed the jury as follows:

" First. That to make the defendant responsible, the jury must believe from the evidence, that he set the fire wilfully, or negligently, or that, lawfully having set it, he negligently permitted it to escape so as to burn the plaintiff's property.

" Secondly. That if the fire had been set by some other person, which was threatening inevitable destruction to the defendant's own farm; and if, in consequence of that, the defendant set out fire around his own farm, for the necessary protection of his own property, and that such fire burnt the defendant's stacks exposed in the same manner the plaintiff's were, such setting fire by the defendant ought not to be considered to be wilful, though the fire was set in the month of December.

" Thirdly. That if the defendant set the fire for the purpose set forth in the foregoing instruction, then he is not liable for damages, if he used every thing reasonable in his power to prevent it from doing injury to the plaintiff.

" Fourthly. That it was not negligence in the defendant, that he had not previously ploughed round his field, so as to make it unnecessary to set fire for its protection.

"Fifthly.   That the burden of proving negligence devolves on the plaintiff, if the defendant has proved that he set the fire for the protection of his own property.

"Sixthly.   That negligence may be proved by circumstantial evidence.

"To these instructions the plaintiff excepted.   The jury returned a verdict for the defendant.

"The plaintiff tendered his bill of exceptions to the ruling of the judge, and prayed that the same may be allowed, signed, and sealed by the judge, and made part of the record in this cause ; which was accordingly done.          THOMAS FORD, [SEAL.] "

SECOND BILL.

"Be it remembered, that on the motion for a new trial of this cause, the plaintiff filed and read to the Court the following affidavits :

"' Samuel B. Hopkins, being duly sworn, doth depose and say, that in the winter of 1839, he heard the defendant, James McClellan, say, that he never denied that the fire he set burnt Burton's (the plaintiff's) stacks ;  but that, if his fire had not burnt them, the other fire would ;  and further saith not.'

"' Nathaniel Burton, being duly sworn, doth depose and say, that the testimony in the above affidavit mentioned has come to his knowledge since the trial of this cause.'

"Both of said affidavits were entitled in this suit, signed by the affiants, and duly sworn to by them respectively :  and thereupon the Court overruled the said motion for a new trial :  to which decision of the Court overruling said motion, the said plaintiff excepted, and prayed the Court to sign and seal this bill of exceptions, which is done.          THOMAS FORD, [SEAL.] "

The errors assigned are :
"1. The Court erred in giving the fourth instruction to the jury, the subject matter of which was a circumstance that should have been left to the jury, and in deciding that the defendant had a right to set fire at the time he did.

"2. The Court erred in giving the fifth instruction, the same not being law, and being inconsistent with the second and third instruction.

"3. The Court erred in refusing to grant a new trial."

M. McCONNEL and A. R. DODGE, for the plaintiff in error, cited R. L. 206, § 148 ;  Gale's Stat. 227 ;  8 Wend. 469 ; Wend. Dig. 432.

O. PETERS, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :

In this case it is only necessary to consider a few plain principles, to determine the points presented.

First, If an illegal act be done, the party doing or causing the act to be done, is responsible for all consequences resulting from the act.

Secondly, If an act be done from evident necessity, and justified by such necessity, but which, without such necessity, would otherwise be illegal, it must appear that such necessity existed at the time, and that every possible diligence and care was taken in the manner of the execution of the act, to avoid injury being done to others, or their property.

Apply these principles to the case under consideration. The authority given by the one hundred and forty-eighth section of the Criminal Code, to fire the prairies, conferred no authority whatever on the defendant to set out the fire in the prairie, because the firing was not done at the period of the year allowed by the section of the law referred to. If the act was done, as is contended, as a means of protection, by making a back fire to protect the defendant's possession, then he was bouud to use every possible diligence to prevent injury to others.

The fifth instruction given, which imposed on the plaintiff the necessity of proving the negligence of the defendant, before he was entitled to recover, we think was incorrect. The principles already stated show the converse of the rule. The defendant, to justify the act, should have shown the absolute necessity which existed at the time, for doing the act, and that every possible caution was used to prevent injury. It rested with him to show the excuse and justification, and was not required of the plaintiff.

The judgment of the Circuit Court is reversed with costs, and the cause is to be remanded, with instructions to the Circuit Court to issue a *venire de novo.*

*Judgment reversed.*

*Note.* As to liability for consequences resulting from illegal acts, see Clarke *v.* Lake, 1 Scam. 229 ; Stout *v.* McAdams, *Ante* 67.