CAROL CRISSMAN, Plaintiff-Appellant, *v.* GERALD STRICKLAND, Defendant-Appellee.

Fourth District   No. 13342

---

Opinion filed November 18, 1976.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson, Jr., E. Phillips Knox, and Betsy Pendelton Wong, of counsel), for appellant.

W. Loren Thomson, of Thomson, Thomson, Zanoni & Flynn, and Robert W. Neirynck, of Costigan, Wollrab, Fraker, Wochner & Neirynck, both of Bloomington, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff leased a townhouse apartment from the defendant. The leased

unit is one of four in the building. The living room of the plaintiff's apartment is on the south side of the building and a sliding glass door opens from the living room out onto a deck enclosed by a fence. In October 1974, plaintiff purchased a newspaper receptacle and mounted it on the south wall above the deck area. This was apparently plaintiff's effort to solve the problem relating to a wet newspaper. The defendant objected and removed the receptacle. Plaintiff put it up again, defendant took it down. On one occasion, defendant took down and apparently refused to return the receptacle or in any event plaintiff purchased another and put it up. The defendant took it down. The lease contained no provision with reference to the use of exterior walls for such purpose.

Ultimately, this difficulty between the parties resulted in the plaintiff filing a three-count complaint against the defendant. In Count I, plaintiff sought a temporary and a permanent injunction; Count II alleged trespass to plaintiff's leasehold interest and sought actual and punitive damages therefor. In Count III, she sought damages for intentional infliction of mental distress.

When the complaint was originally filed, the court heard testimony by the plaintiff in support of a motion for the issuance of a temporary injunction. Following that testimony and, indeed, on the date of the filing of the complaint, the temporary injunction was denied. The following day, the plaintiff filed another request for a temporary injunction alleging that the defendant had again removed the receptacle and in that motion alleged irreparable damage. The defendant filed a pleading in response to this motion designated "Motion to Dismiss Temporary Injunction." Such motion related only to the request for temporary injunction as set forth in Count I of the complaint; it did not directly or indirectly relate in any way to Counts II and III of the complaint. On April 25, 1975, the court heard argument on the then pending motions and allowed the defendant's motion and ordered that the cause be dismissed with prejudice and ordered that the cause be stricken. In denying the temporary injunction initially, the judge of the trial court said:

> "Well, what I have said to you in effect is this, that I am not going to issue a temporary injunction on this matter. Now whether you desire to pursue it further in the usual course of business, that is something else. But I see no irreparable harm, and I see nothing here that provides any imminent danger to the Plaintiff in this particular situation. I see nothing, as I say, to use this as extraordinary remedy without notice under the circumstances that have been described here."

On the date that the court dismissed the cause, the following observation was made:

> "If there is a trespass, it would occur to the Court that nothing

has been suggested that the damage is great, or that there is not a possibility of a usual and customary legal action. The court recognizes that you are asking for the use of an extraordinary remedy, and extraordinary means just exactly that. And I do not view this as an extraordinary situation where the injuries are great and the consequences grave, and I suggested that the rule of, that the De minimis rule would probably apply in this situation.

For that reason the matter stands dismissed with prejudice."

The plaintiff then sought to dismiss Counts II and III without prejudice for purposes of refiling the same with a jury demand. According to the briefs, upon learning that the earlier order dismissed all counts, plaintiff filed this appeal.

There is no issue here that there was error in the denial of the temporary injunction or in the dismissal of Count I. Indeed, that issue is moot by reason of the fact that the plaintiff has vacated the premises. This appeal is concerned solely with the action of the trial court sua sponte dismissing with prejudice Counts II and III ordering the cause stricken. We reverse.

The trial court dismissed Counts II and III without any motion or responsive pleading having been directed to the issue. There was no finding that the counts did not state causes of action; there was no motion directed to the insufficiency of any pleading but rather the sua sponte action of the court was apparently predicated solely upon the court's application to the so-called "De minimis rule." We agree with the defendant that a trial court has inherent authority to protect itself from and to deal with harassing or vexatious litigation and to dismiss complaints that do not state causes of action. Cases cited by the defendant in support of this concept are not here applicable. The sua sponte action of the trial court in this case was not indicated to be action designed to protect the court from harassment or vexatious litigation. The court did make some observations with reference to the De minimis rule but that seems to have been, in fact, in denial of the temporary injunction. Furthermore, an action for trespass to land or damage by invasion of another's property is not subject to the De minimis rule. See Annotation of De minimis rule, 44 A.L.R. 168 (1926).

We do not and need not address the substantive merits of the controversy between the parties. We hold only that it was improper to dismiss Counts II and III of the complaint in accordance with the procedures herein outlined. The order dismissing the complaint is reversed and this cause is remanded to the circuit court of McLean County for further proceedings.

Reversed and remanded.

SIMKINS and REARDON, JJ., concur.