VERONICA RHODES, Plaintiff-Appellant, *v.* MILL RACE INN, INC., *et al.*, Defendant-Appellees.

Second District No. 83—377

Opinion filed May 2, 1984.—Rehearing denied September 19, 1984.

John S. Biallas, of Neri & Hochberg, Ltd., of St. Charles, for appellant.

George E. Krippner, of Casey, Krippner & Callahan, of Geneva, and D. Kendall Griffith, Stephen R. Swofford, and Joshua G. Vincent, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether a civil action to impose strict tort liability may be based upon a violation of the Safety Glazing Materials Act (the Act) (Ill. Rev. Stat. 1981, ch. 111½, par. 3101 *et seq.*) is the question presented by this appeal. We conclude that such action does not lie and that the circuit court properly dismissed counts I, III, V and VII of plaintiff's amended complaint which sought to impose strict liability in tort.

The stricken counts of the amended complaint alleged in substance that defendant, Mill Race Inn, Inc., operated a restaurant open to the public in Geneva, Illinois. At its main entrance, the restaurant has two sets of doors separated by a small vestibule. Prior to November 1977, both sets of doors were constructed of wood and plate or crystal glass and functioned as "semi-permanent" doors. At some point during the period November 1977 to May 1978, the Inn contracted for the alteration, renovation and repair of the premises, including the alteration of the interior set of doors from the semipermanent type to the swinging type. Materials other than safety glazing materials were used in this work, at a location alleged to be a hazardous location within the meaning of section 2.2 of the Act (Ill. Rev. Stat. 1981, ch. 111½, par. 3104). The complaint alleged that on the evening of July 13, 1980, the plaintiff, Veronica Rhodes, entered the restaurant through the main doors. As she was leaving, she exerted force or pressure upon the glass portion of one of the interior doors, which broke, lacerating her left arm at or near the elbow.

Only counts I, V and VII are before us. Count I sought to impose strict tort liability based upon a violation of the Safety Glazing Materials Act; count V was against the defendant, James Keiser, architect, also charging strict liability predicated on a violation of the Act, and count VII also sounded in strict liability against the general contractor, defendant Wesley W. Peterson.

The Safety Glazing Materials Act ("An Act to protect the consumer and encourage the highest standards of construction safety *** and to provide penalties for the violation thereof") contains definitions of "safety glazing materials" (Ill. Rev. Stat. 1981, ch. 111½, par. 3104). The Act provides that no person "shall knowingly sell, fabricate, assemble, glaze, install, consent or cause to be installed glazing materials other than safety glazing materials in, or for use in, any hazardous location." (Ill. Rev. Stat. 1981, ch. 111½, par. 3106.) The Act further provides for public hearings before the Department of Labor determines and adopts further requirements for safety glazing material beyond those specified in the Act and before the Department determines what constitutes an unreasonable hazardous location in need of safety glazing material. Such departmental determinations are made subject to administrative review. (Ill. Rev. Stat. 1981, ch. 111½, pars. 3108 through 3112.) The Act finally provides, "Whoever violates this Act is guilty of a Class A misdemeanor." (Ill. Rev. Stat. 1981, ch. 111½, par. 3113.) The Act makes no mention of the availability of any form of civil relief for a violation of its terms.

We do not disagree with plaintiff's argument that the fact that the Act provides only a criminal penalty for its violation does not end the inquiry into whether a civil action is barred. (See *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 155; *Burton v. McClellan* (1840), 3 Ill. (2 Scam.) 434, 437.) Where it is consistent with the underlying purpose of a statute and necessary to achieve its aim, a private right of action can be implied. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 386.) In the analysis of whether a private right of action may be maintained, these questions are material: (1) Were plaintiffs members of the class for whose benefit the statute was enacted; (2) is implication of a private right consistent with the underlying purpose of the Act; (3) is plaintiff's injury one the statute was designed to prevent; (4) is implication of a civil private right of action necessary to provide an adequate remedy for violations of the Act. 89 Ill. 2d 379, 391.

We first conclude that plaintiffs were members of the class for whose benefit the statute was enacted and that the injury was one the statute was designed to prevent. While the Act notes that it is "to protect the consumer and encourage the highest standards of construction safety ***," the Act does concern itself with persons who are not consumers but in the position of the plaintiff who go into or come out of dwellings, commercial and public buildings. (See Ill. Rev. Stat. 1981, ch. 111½, par. 3104.) There also appears to be little question that the injuries sustained by plaintiff are among those which the

statute was designed to prevent. Section 2.2 of the Act defines safety glazing material as that which will minimize the likelihood of cutting and piercing injuries resulting from human contact with the glazing material. Ill. Rev. Stat. 1981, ch. 111½, par. 3103.

However, we also conclude that implication of a private right of action is not necessary to provide an adequate remedy for violations of the statute.

■ Although numerous acts of the legislature may have as their purpose the protection of a substantial segment of the public, the fact alone does not imply that the legislature intended to create a private right of action for breach of the statute. (See *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 103-04; *Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, 5.) It is proper to inquire in such circumstances whether the Act is a remedial one and whether certain private remedies are provided for within the statutory framework. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 390.) The Safety Glazing Materials Act is prohibitory in nature, rather than remedial. The operative section (Ill. Rev. Stat. 1981, ch. 111½, par. 3106) merely prohibits certain uses of other than safety glazing materials at hazardous locations. Although there is a provision for public hearings to determine whether certain locations may be hazardous locations (Ill. Rev. Stat. 1981, ch. 111½, par. 3108), there is no provision for aggrieved members of the public to file complaints as there were under the "Brokers Licensing Act" in *Sawyer Realty Group*. Nor are the remedies for indemnification or private injunction of violations which were featured in the legislation in that case here provided for. We therefore conclude that implication of a private right of action is beyond the scope of the act here in question and thus is not consistent with its purpose.

Further, it does not appear necessary to provision a remedy for violation of the Act that a civil private right of action be implied.

The liability of owners of commercial premises for their negligence is a concept of long standing in our law, and it does not appear that the legislature sought through passage of the Safety Glazing Materials Act to substitute a statutory for a common law duty and to impose strict liability for a violation. (*Cf. Boyer v. Atchison, Topeka & Santa Fe Ry. Co.* (1967), 38 Ill. 2d 31, *cert. denied* (1968), 390 U.S. 949, 19 L. Ed. 2d 1140, 88 S. Ct. 1038 (interpreting the Federal Safety Appliance Act).) Neither is this a case where, absent implication of a private right of action, there would be no method available to the individual to vindicate an interest which the statute sought to provide. (*Cf. Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172 (private

action available for retaliatory discharge of employee filing workers' compensation claim).) To the contrary, plaintiff may bring an action in negligence and has in fact included several counts predicated upon traditional tort theories in her complaint. In the course of litigating those causes of action, plaintiff may avail herself of the rule that the violation of a statute designed for the protection of human life or property is *prima facie* evidence of negligence. (See *Allen v. Dhuse* (1982), 104 Ill. App. 3d 806.) We therefore find that a violation of the Act may find adequate remedy without creation of a private action for imposition of strict tort liability.

██ Count VII was directed against defendant Peterson, a party who had not filed an appearance or motion to dismiss. However, we conclude that the trial court properly dismissed the count on its own motion. The failure of a complaint to state a cause of action is a fundamental defect which may be raised at any time by any means and cannot be waived. (*People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 925.) The complaint failed to state a cause of action in strict liability as to Peterson, and the court therefore acted properly in ordering count VII dismissed. *Crissman v. Strickland* (1976), 43 Ill. App. 3d 496, cited by the plaintiff, is distinguishable. In that case, there was no finding that the counts dismissed on the court's own motion failed to state a cause of action. 43 Ill. App. 3d 496, 498.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.