2022 IL App (2d) 210097-U
No. 2-21-0097
Order filed April 25, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ANTHONY R. SCIFO | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-AR-133 |
| | ) | |
| EMINE FLORES-SOTO, a/k/a Emine Flores, | ) | |
| and GUSTAVO FLORES-SOTO, aka Gustavo | ) | |
| Flores, | ) | Honorable |
| | ) | Divya Sarang, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Zenoff and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred in dismissing the remaining counts of the amended
complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure because
it failed to accept as true plaintiff's well-pleaded facts, but instead based its ruling
on a negation of those facts.  Therefore, we reversed and remanded.

¶ 2    Plaintiff, Anthony R. Scifo, an attorney, appeals from the circuit court of Kane County's

dismissal of counts III, IV, and V of his amended complaint against defendants, Emine Flores-

Soto and Gustavo Flores-Soto, pursuant to section 2-619(a)(9) of the Code of Civil Procedure

(Code) (735 ILCS 5/2-619(a)(9) (West 2018)).  He contends that the court erred in making factual

findings that were contrary to his well-pleaded facts and impermissibly disregarding the affirmative matter raised in Gustavo's section 2-619 motion, which effectively resulted in a *sua sponte* dismissal. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4     On June 26, 2018, defendant, Emine Flores-Soto, filed a petition seeking to dissolve her marriage with Gustavo Flores-Soto (collectively "defendants"). Plaintiff represented Emine in the divorce proceedings, with whom she executed a retainer for legal services. He also represented her in connection with a petition for an emergency order of protection, which was granted and consolidated into the divorce case.[1]

¶ 5     In January 2019, the circuit court found Gustavo in indirect civil contempt for failure to pay unallocated support pursuant to an October 2019 agreed order. The January 2019 order stated that Gustavo paid Emine a purge of $2000 in open court, and that there was an arrearage of $5000. He was also ordered to pay plaintiff $3000 by February 15, 2019, under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(b) (West 2018)). The parties were further ordered to file their joint income tax return for 2018 and Gustavo's corporate tax return by January 31, 2019. The court ordered that the estimated refund of $7000 be split between Emine as marital property and plaintiff's client trust account. On February 7, 2019, Gustavo and Emine were jointly ordered to pay $2700 in fees to the guardian *ad litem* (GAL). The February 2019 order set a date of March 15, 2016, for hearing on all pending financial matters. Through January 2019, Emine's unpaid legal fees exceeded $33,600.

---

[1] The emergency order of protection is not in the record on appeal, but we presume that the order was granted because Gustavo admitted so in his answer.

¶ 6     On March 4, 2019, Emine voluntarily dismissed her petition for dissolution of marriage without providing notice to plaintiff,[2] which plaintiff maintains deprived him of the ability to seek contribution from Gustavo pursuant to section 508(a) of the Act (750 ILCS 5/508(a) (West 2018)). See *In re Marriage of Lucht*, 299 Ill. App. 3d 541 (1998) (holding that an attorney may not seek attorney fees in a divorce proceeding after the case has been voluntarily dismissed).

¶ 7     On March 5, 2019, plaintiff initiated the instant matter in arbitration court by filing a four-count complaint against Emine and Gustavo. Counts I through III were directed toward Emine. Count I sounded in breach of contract, count II alleged a cause of action for account stated, and count III alleged civil conspiracy. Count IV alleged civil conspiracy against Gustavo. Plaintiff was later allowed to file an amended complaint, which he filed on September 17, 2019. He added count V, which sounded in tortious interference with contractual relations against Gustavo.

¶ 8     Pertinently, the amended complaint alleged the following. Gustavo knew of Emine's outstanding attorney fees which, as of January 2019, exceeded $33,600, and he believed he would ultimately be responsible for paying those fees. Together, defendants reviewed the billing statements from their respective attorneys and "agreed to avoid their financial obligations by reconciling and dismissing" the case. Gustavo told Emine that they should fire their respective

---

[2] The record of the dissolution action is not part of the record on appeal, but the report of proceedings in the instant matter provides some context to those proceedings. At one point, the court commented that it had reviewed the divorce file. It noted that Emine filed her motion to voluntarily dismiss on February 21, 2019, and noticed the motion for March 4, 2019. However, she sent the notice only to Gustavo. Defendants appeared jointly to dismiss the case on March 4, 2019, and the case was dismissed. Their respective counsels withdrew on March 13, 2019.

attorneys to avoid paying their outstanding attorney fees or to negotiate a reduction of those fees. Plaintiff further alleged that defendants "conspired to avoid paying those various attorneys' fees," which was the primary purpose of their agreement. Thereafter, they drafted letters discharging their attorneys and delivered the letters to their respective attorneys' offices, then appeared before a family law judge and dismissed the dissolution proceedings without notice to their counsel. Plaintiff further alleged that Gustavo successfully negotiated a reduction of his legal fees with his former counsel, and he encouraged Emine to breach the retainer agreement with plaintiff so that she could likewise attempt to negotiate a discount. Moreover, plaintiff alleged that Gustavo failed to pay plaintiff $3000 in 508(b) fees as required in the January 2019 order.

¶ 9    On October 31, 2019, after reengaging his prior counsel from the dissolution proceeding, Gustavo filed an answer to the amended complaint, as well as raised an affirmative defense based on public policy. He asserted that Illinois' public policy is to encourage reconciliation of the marital relationship and, as a result, marital reconciliation is not a valid basis for a claim of civil conspiracy or tortious interference with a contractual relationship. He did not cite any authority for the argument. On December 9, 2019, plaintiff filed an answer to Gustavo's affirmative defense. He conceded that Illinois' public policy favors marital reconciliation, but he denied that the policy barred his claims.

¶ 10    Emine did not file an answer or other pleading in response to plaintiff's amended complaint, and the circuit court entered a default judgment of $35,300 against her on counts I and II. The judgment entered on these counts is not at issue in this appeal. Plaintiff states in his brief that Emine "is insolvent[,] rendering this judgment uncollectible." The court reserved ruling on count III, which raised a claim of civil conspiracy against Emine.

¶ 11    On February 19, 2020, notwithstanding having already filed an answer, Gustavo moved to dismiss counts IV and V of the amended complaint pursuant to section 2-619(a)(9). He argued that the amended complaint rested "entirely on a theory that [Gustavo] encouraged [Emine] to reconcile the marriage as a means of defeating Plaintiff's claim for attorneys' fees," and that Illinois' public policy "does not permit [p]laintiff to attack or question the underlying motivations" for reconciling the marriage. He cited no authority in support of the argument.

¶ 12    Plaintiff responded to the motion to dismiss on March 11, 2020. He conceded that Illinois' public policy supports marital reconciliation, and that this policy has previously been invoked at a cost to other legal interests. See *Lucht*, 299 Ill. App. 3d 541 (1998). Plaintiff countered that Illinois also has a public policy to aid victims of domestic violence and prevent further abuse (750 ILCS 60/102 (West 2018)), and he recounted the domestic violence and abuse Emine alleged in her June 2018 petition for an emergency order of protection. He attached a portion of the transcript from Gustavo's deposition and asserted that Gustavo admitted that *he* discharged plaintiff as Emine's counsel. Plaintiff also argued that the motion was improper because Gustavo had already filed an answer.

¶ 13    On August 12, 2020, the circuit court dismissed the remaining counts. It observed that the motion to dismiss was procedurally improper because it was filed after Gustavo's answer, but it stated it would exercise its discretion to consider the motion.[3] *Clemons v. Nissan North America, Inc.*, 2013 IL App (4th) 120943, ¶ 33. It recounted the arguments of the parties, including Gustavo's denial that he encouraged Emine to breach her contract with plaintiff or conspired with her to frustrate plaintiff's ability to collect his unpaid fees. Ultimately, the court found that plaintiff "is unable to show that [Gustavo and Emine] conspired to reunite just so that the plaintiff's legal

---

[3] Plaintiff makes no argument on appeal that the court erred by considering the motion.

bill would remain unpaid." In addressing count IV, which alleged civil conspiracy as to Gustavo, the court explained that it had observed Gustavo in court and reviewed the transcript from his deposition. It found that, taken in context, Gustavo's deposition testimony did not suggest that he encouraged Emine to terminate plaintiff's representation of her, or that Gustavo, himself, terminated plaintiff's representation. In explaining its ruling dismissing count V, which alleged tortious interference with contractual relations against Gustavo, the court stated that it was not persuaded that he either tortiously interfered with plaintiff's contract with Emine or encouraged her to dismiss the dissolution proceedings. It noted that Gustavo and Emine had reunited, which "is encouraged by the present law and public policy and therefore is not unlawful conduct." The court also dismissed count III, which alleged civil conspiracy against Emine. It found that Emine was entitled to discharge plaintiff as her counsel because the relationship between a client and his or her attorney is terminable at will, and it reiterated that public policy favors marital reconciliation. The court stated that, nevertheless, Emine was obligated to compensate plaintiff for the legal services he provided during the dissolution proceedings, and it noted plaintiff was granted a default judgment on counts I and II for his unpaid fees.

¶ 14    On September 11, 2020, plaintiff moved to reconsider based on an alleged misapplication of existing law. He argued, pertinently, that the circuit court erroneously found plaintiff was unable to carry his factual burden even though, for purposes of the section 2-619 motion to dismiss, it was required to accept as true all well-pleaded facts in his amended complaint. The court denied plaintiff's motion to reconsider on January 26, 2021. Plaintiff timely filed a notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16    Plaintiff argues on appeal, relevantly to our decision, that the circuit court erred in granting the section 2-619 motion to dismiss because it improperly evaluated the underlying facts of the

case and made factual findings that contradicted the pleadings. Similarly, he argues that the court impermissibly disregarded the affirmative matter raised in the section 2-619 motion and, in doing so, *sua sponte* dismissed the case based on findings of fact—without an evidentiary hearing or adequate discovery.

¶ 17 For his part, Gustavo asserts that dismissal was warranted because public policy does not allow the court to examine the motives of the parties when a petitioner in a dissolution of marriage proceeding voluntarily dismisses the action. In support, he relies exclusively on the principle that that it is against public policy to keep the parties to a dismissed divorce action in a continued state of hostile litigation. *Lucht*, 299 Ill. App. 3d 541, 542 (1998). The argument consists only of a few sentences in his otherwise sparse appellate brief. Gustavo did not respond to plaintiff's argument that the court impermissibly made factual findings that were contrary to those pled the amended complaint or that the court, in essence, *sua sponte* dismissed the amended complaint by sidestepping the affirmative matter raised in the motion and dismissing the action on other grounds.

¶ 18 We agree with plaintiff that the circuit court's grant of the section 2-619 motion to dismiss was error. It is well established that a motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint, as well as admits all well-pleaded facts and all reasonable inferences that stem from those facts, but raises certain defects, defenses, or other affirmative matter avoiding the legal effect of or defeating the claim. *Reynolds v. Jimmy John's Enterprises*, LLC, 2013 IL App (4th) 120139, ¶¶ 30-31. The purpose of section 2-619(a) is to provide litigants with a method of disposing of issues of law and easily proved issues of fact relating to affirmative matter early in the litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). In essence, the movant in a section 2-619 motion states, " '[y]es, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim.' " *Reynolds*, 2013 IL App (4th) 120139, ¶ 31

(quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008)). In particular, section 2-619(a)(9) allows for a defendant to seek dismissal of an action on the basis that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). Our supreme court has stated that the phrase "affirmative matter" means "a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16.

¶ 19    In ruling on a section 2-619(a)(9) motion, a court must accept as true all well-pleaded facts and any inferences that may be reasonably drawn from those facts. *Coley v. Bradshaw & Range Funeral Home, P.C.*, 2020 IL App (2d) 190627, ¶ 16. It may not accept as true mere conclusions unsupported by specific facts. *Id.* Moreover, the court must construe the pleadings in the light most favorable to the nonmoving party. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. A motion to dismiss pursuant to section 2-619 should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Snyder v. Heidelberge*r, 2011 IL 111052, ¶ 8. Because a motion granting a section 2-619 motion to dismiss presents only an issue of law, our review is *de novo*. *Reynolds,* 2013 IL Ap (4th) 120139, ¶ 31.

¶ 20    Here, Gustavo's section 2-619(a)(9) motion asserted plaintiff's claims were barred by affirmative matter, namely, public policy favoring marital reconciliation. Because he moved pursuant to section 2-619 of the Code, for purposes of the motion, he necessarily admitted that the amended complaint was both legally and factually sufficient. See *Id.* ¶¶ 30-31.

¶ 21    Notwithstanding the procedural posture of the case, the circuit court plainly did not accept as true plaintiff's well-pleaded factual allegations, nor did it keep in mind that the motion conceded the legal and factual sufficiency of the amended complaint. For example, the court found that

plaintiff was "unable to show" that defendants conspired to dismiss the dissolution action for the purpose of thwarting plaintiff's ability to seek remuneration of his fees from Gustavo. This finding was tantamount to a negation of plaintiff's well-pleaded facts that defendants agreed to "avoid their financial obligations by reconciling and dismissing the pending marital dissolution proceeding," and that defendants reached the agreement "for the primary purpose of avoiding financial obligations" in connection with plaintiff's retainer for legal services.

¶ 22 Similarly, in dismissing count V, the court explained that it was not "persuaded" that Gustavo had tortiously interfered with plaintiff's contract for legal services with Emine because, in part, Gustavo's deposition transcript and courtroom demeanor did not suggest that he encouraged Emine to terminate plaintiff's representation, or that Gustavo, himself, terminated the representation. The determination of witness credibility at this stage of the proceedings was improper. See *Lang v. Silva*, 306 Ill. App. 3d 960, 971 (trial court not permitted to make credibility determinations in evaluating a section 2-619 motion); and *Mackey v. Sarroca*, 2015 IL App (3d) 130219, ¶ 18) ("[t]here are no factual or credibility determinations to be made since all well-pled facts are taken as true and all that is left is to determine whether the plaintiff can state a cause of action as a matter of law").

¶ 23 In denying plaintiff's motion to reconsider and explaining its prior ruling, the court compounded its errors and apparently disregarded altogether the affirmative matter raised in the section 2-619 motion to dismiss. It stated that the issue of public policy was "really not the issue before the Court," and that the issue was "immaterial" and a "tangent" whose genesis was the section 2-619 motion. It stated that the parties had "been led astray *** because that's what [is] in the motion to dismiss." Instead, in the court's view, the only issue was "whether [plaintiff] has established any facts *** which the court would consider in terms of establishing a civil conspiracy

or the tortious interference with the contract." The court recounted the elements of a claim of tortious interference with a contractual relationship and stated that plaintiff was "unable to show any facts *** that Gustavo unjustifiably induced a breach of the contract by reunifying with [Emine]." It also stated that "there is no evidence" that Gustavo intentionally and unjustifiably induced Emine to breach her contract for legal services with plaintiff. In addressing Gustavo's deposition transcript, the court stated that, "as a fact finder," it did not find that Gustavo's statement that he discharged both his counsel and Emine's counsel supported any elements of civil conspiracy or tortious interference with a contractual relationship. It reiterated that it had observed Gustavo in court and, although he "comes across as belligerent," his demeanor was largely because English is not his first language and he had little understanding of the court system. The court stated that the matter was "lacking for facts for this court to consider" to support plaintiff's claims. These findings exacerbated the errors outlined above.

¶ 24    We comment briefly on the circuit court's apparent disregard of the affirmative matter upon which the section 2-619 motion was based in denying plaintiff's motion to reconsider. The court commented that the affirmative matter raised in the motion was "immaterial" and described it as a "tangent." These comments, while unclear when viewed in the larger context of the court's rulings, could be construed as a *sua sponte* dismissal for failure to state a claim under section 2-615 of the Code (735 ILCS 5/2-615) (West 2018)). A motion to dismiss pursuant to section 2-615 attacks the legal sufficiency of the complaint based on defects appearing on the face of the complaint. *Reynolds*, 2013 IL App (4th) 120139, ¶ 25. Such a motion challenges whether the facts alleged in the complaint, when viewed in a light most favorable to the nonmoving party, are sufficient to state a cause of action. *Reynolds*, 2013 IL App (4th) 120139, ¶ 25. Here, of course, no party filed a motion under section 2-615. Nevertheless, a circuit court has the authority to *sua*

*sponte* dismiss claims if it finds the pleadings fail to state a cause of action. *Rhodes v. Mill Race Inn*, Inc. 126 Ill. App. 3d 1024, 1028. However, to the extent that the court's dismissal was based on section 2-615, we would likewise find error. Notably, the motion to dismiss that was filed conceded, for purposes of that motion, the factual and legal sufficiency of the entire amended complaint, including the dismissed counts, and it provided no argument whatsoever that the complaint failed to state a cognizable claim. As a result, plaintiff had no reason to argue the sufficiency of the complaint before the court below or on appeal. The circuit court also was not presented with a mislabeled motion to dismiss. See *e.g.*, *Slay v. Allstate Corp.*, 2018 IL App (1st) 180133, ¶ 28 (absent prejudice to the nonmoving party, a court may review an improperly labeled motion as if it were properly filed under section 2-615). Here, to dismiss the complaint on the basis of section 2-615, without first putting plaintiff on notice that his complaint was perhaps deficient in some way or allowing him an opportunity to amend, would result in prejudice to plaintiff and warrant reversal.

¶ 25    We express no opinion as to whether plaintiff's amended complaint states a cause of action because the issue was not raised by any party below or before us on appeal. To the extent that we would have been inclined to address the issue of public policy as likely to arise on remand, we decline to do so because neither plaintiff nor Gustavo sufficiently developed the argument.

¶ 26                                III. CONCLUSION

¶ 27    For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand the cause.

¶ 28    Reversed and remanded.