2024 IL App (1st) 230757-U

No. 1-23-0757

Order filed July 3, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANDREW SLABON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 1943 |
| | ) | |
| PHILIP LADISA, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the dismissal of plaintiff's amended complaint, where plaintiff failed to sufficiently plead a cause of action cognizable under Illinois law.

¶ 2   Plaintiff Andrew Slabon appeals *pro se* from the circuit court's order dismissing with prejudice his amended complaint filed against defendant Philip Ladisa. On appeal, he asserts that he was denied his right to a trial by jury, where the circuit court dismissed his amended complaint

but failed to consider his *pro se* status, liberally construe his pleadings, or issue a memorandum and opinion explaining the legal bases for the dismissal. We affirm.

¶ 3    There are no reports of proceedings in the record on appeal. The following background is taken from the common law record.

¶ 4    On February 24, 2023, plaintiff filed a *pro se* complaint against defendant seeking "compensatory and punitive damages for Intentional Infliction of Emotional distress, harassment and stalking." Plaintiff alleged, *inter alia*, that defendant had been targeting plaintiff and tracking his movements for over three years after defendant installed a camera onto a garage directly behind plaintiff's home, and that "this stalking is on-going."

¶ 5    On February 28, 2023, the circuit court entered a form "strike/dismissal order." The court stated it reviewed the complaint pursuant to section 2-603(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-603(a) (West 2022)) and checked the box the complaint was stricken for failure "to state factually sufficient cause(s) of action." The court granted leave to amend the complaint.

¶ 6    On March 17, 2023, plaintiff filed a *pro se* amended complaint with two separately enumerated counts, one for negligent infliction of emotional distress and the other for gross negligence. As factual allegations, plaintiff pleaded that defendant lived a few minutes away from plaintiff but owned a property directly behind plaintiff's home. Plaintiff had filed a petition in the circuit court of Cook County seeking to prohibit defendant "from lurking in a stalking mannor [sic]" behind plaintiff's home. Plaintiff asserted defendant had been tracking plaintiff's movements and regularly appearing near plaintiff's residence when plaintiff was in his garage with the door open or in the alley between the homes. Plaintiff claimed these appearances constituted stalking and harassment with the intent to "induce free and emotional distress."

¶ 7    Plaintiff also claimed defendant was stalking "young women [*sic*] tenants" residing in a nearby property that defendant "claims he 'manages.' " Plaintiff stated that while defendant claimed he was maintaining his property, defendant was actually remaining in his vehicle for several minutes, several times a day. Plaintiff alleged that defendant installed a security camera that was high enough to record the inside of plaintiff's bedroom. Plaintiff had installed a security system, which allegedly captured "100 videos" of defendant near plaintiff's residence. Plaintiff's cameras captured defendant trespassing onto plaintiff's property with a young woman at late night hours and, on two separate occasions, exiting his vehicle "with clearly impaired movement indicative [of] intoxication." He alleged that defendant was "uninhibitated [*sic*] and out of control" and an "openly admitted sexual deviant," who admitted to being terminated from employment with a hospital due to a " 'bogus sexual harassment claim made by a w***e.' "

¶ 8    Further, plaintiff alleged that on December 6, 2020, defendant parked behind plaintiff's residence and verbally confronted him. They both called the police on one another. On December 30, 2021, police officers informed defendant that his parking behind plaintiff's residence was illegal, and defendant, after initially denying he was parked illegally, agreed that he was and left the scene. Defendant illegally parked again within five minutes "with the intention to harass and intimidate Plaintiff further." Plaintiff asserted that during that incident, defendant made a number of "false statements" to the police, including that plaintiff was in jail for assaulting a police officer and was fired from his job for " 'groping the women [*sic*] employees.' "

¶ 9    Plaintiff asserted he submitted a settlement agreement as part of the ongoing proceedings on his request for an order of protection, but defendant rejected the agreement, indicating a clear intention to continue harassing plaintiff through litigation. Plaintiff alleged that defendant's

rejection of the settlement agreement, along with his ongoing harassment and stalking behavior, "warrant[ed] an intentional tort claim seeking damages beyond what can be awarded in a civil order of protection [for] the entire duration of the harassment time frame."

¶ 10    In his count for negligent infliction of emotional distress, plaintiff incorporated his factual allegations. He alleged that he immediately feared for his well-being and safety after defendant rejected his "settlement agreement," which had required defendant to "desist from stalking and maintain a safe distance" from plaintiff and his property. Plaintiff alleged defendant committed negligent infliction of emotional distress when he refused plaintiff's settlement agreement in order to continue to engage in stalking behavior and making threats of violence, causing plaintiff severe emotional distress and fear.

¶ 11    Plaintiff claimed defendant's actions constituted gross negligence, leading to plaintiff's emotional distress, as defendant knew that his conduct was causing plaintiff severe emotional distress, as demonstrated by the numerous times police were called due to defendant's behavior. Defendant "had a duty to refrain from stalking and to stay away from the plaintiff and their property," but "failed to fulfill this duty." As a result, plaintiff suffered "emotional distress and fear that a reasonable person would find intolerable." Plaintiff sought unspecified damages for his "severe emotional distress which manifested itself in nightmares, nervousness, anxiety, insomnia, [and] paranoia."

¶ 12    In his count for gross negligence, plaintiff incorporated all factual allegations. He claimed that defendant was "grossly negligent" by "exhibit[ing] a reckless disregard for the safety and wellbeing of the plaintiff," namely by "stalking, harassment, and trespassing on the plaintiff's property, as well as making threats of physical harm to the plaintiff." He alleged that defendant's

parking behind plaintiff's residence constituted "dangerous and illegal behavior" and showed a "complete disregard" for plaintiff's safety and security, as well as a failure to act "reasonably and responsibly" under the circumstances. Plaintiff claimed defendant's installation of a security camera positioned to allow recording inside plaintiff's second floor bedroom was an intentional and willful violation of plaintiff's right to privacy and "complete lack of regard" for plaintiff's safety and wellbeing. Plaintiff claimed he suffered emotional distress and fear as a result of defendant's grossly negligent behavior, and defendant's actions had caused plaintiff to call police multiple times and seek an order of protection against him. As relief, plaintiff requested unspecified damages as reimbursement for his "time lost" monitoring of defendant's "illegal activities," from his studies, and in pursuing legal remedies to prohibit defendant's stalking and harassment.

¶ 13    On March 27, 2023, the circuit court entered a form "strike/dismissal order," again stating the court reviewed the complaint pursuant to section 2-603(a) of the Code. The court checked the box dismissing the amended complaint with prejudice, with no leave to amend, stating the complaint "fail[ed] to state a cause of action which is legally recognized under Illinois, and no amendment or additional facts can ever be stated to grant the Plaintiff(s) the relief requested."

¶ 14    On April 5, 2023, plaintiff filed a motion to vacate, arguing the circuit court's dismissal order was premised on a "checked box," which provided no explanation of the factual or legal basis for the dismissal and deprived him of a meaningful opportunity to contest the decision. Plaintiff acknowledged that a specific rule requiring a memorandum and opinion with a dismissal order may not exist, but "due process" requires a reasoned explanation for the dismissal.

¶ 15    On April 27, 2023, plaintiff filed a *pro se* notice of appeal from the March 27, 2023, dismissal.

¶ 16    On May 2, 2023, the circuit court entered an order granting plaintiff's motion to withdraw his motion to vacate.

¶ 17    Plaintiff's timely appeal lists the court's March 27, 2023, order as the order being appealed. This court entered an order taking plaintiff's appeal on his brief alone where defendant failed to file a brief on appeal within the time period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 18    On appeal, plaintiff asserts that he was denied the right to a trial by jury. He argues the circuit court erred in dismissing his amended complaint with prejudice without a memorandum or opinion explaining the basis for the dismissal, failed to consider his *pro se* status, and failed to liberally construe his pleadings.

¶ 19    As a preliminary matter, plaintiff arguably forfeited review of the circuit court's decision due to his failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which provides procedural rules that govern the content of appellate briefs. For example, in violation of Rule 341(h)(6), his brief fails to present an adequate statement of facts necessary to understand the case, fails to include citations to the record, and contains impermissible argument and comment. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Similarly, in violation of Rule 341(h)(7), the argument section of plaintiff's brief does not "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). It is axiomatic that this court should "have the issues on appeal

clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. We may strike a brief for failure to comply with Rule 341(h). *Pasic v. Department of Financial & Professional Regulation*, 2022 IL App (1st) 220076, ¶ 15.

¶ 20    Further, points not argued in the opening brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Although plaintiff challenges the circuit court's final order dismissing his amended complaint, he does not develop any cognizable substantive argument addressing the court's finding that he failed to state a cause of action that is legally recognized in Illinois. Plaintiff's failure to do so arguably forfeits the issue. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Nevertheless, as it is clear that plaintiff is challenging the dismissal of his amended complaint, we choose to examine whether the circuit court properly dismissed his complaint with prejudice.

¶ 21    In this case, defendant did not move to dismiss plaintiff's complaint or amended complaint. Rather, the circuit court reviewed plaintiff's amended complaint pursuant to section 2-603(a) of the Code and dismissed the complaint with prejudice, finding plaintiff failed to state a cause of action that is legally recognized under Illinois law. See *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d 1024, 1028 (1984) (finding that the court properly dismissed a count on its own motion because a complaint's failure to state a cause of action is "a fundamental defect which may be raised at any time by any means and cannot be waived").

¶ 22    Section 2-603(a) of the Code requires that a complaint "shall contain a plain and concise statement of the pleader's cause of action." 735 ILCS 5/2-603(a) (West 2022). "The purpose of section 2-603 is to give notice to the court and to the parties of the claims being presented." (Internal quotation marks omitted.) *Cable America, Inc. v. Pace Electronics, Inc.*, 396 Ill. App. 3d

15, 19 (2009). We review the court's decision to dismiss a complaint under section 2-603 for an abuse of discretion. *Id.*

¶ 23 Plaintiff claimed negligent infliction of emotional distress and gross negligence. Under Rule 603(c), pleadings must be "liberally construed with a view to doing substantial justice between the parties." 735 ILCS 5/2-603(c) (West 2022). Even construing plaintiff's amended complaint liberally, we agree with the circuit court that plaintiff failed to state a cause of action legally recognized under Illinois law.

¶ 24 "Generally, to state a claim for negligent infliction of emotional distress, a plaintiff must allege the traditional elements of negligence: duty, breach, causation, and damages." *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 31. The requirements for stating such a claim depends on whether the plaintiff is a bystander or a direct victim. *Benton v. Little League Baseball, Inc.*, 2020 IL App (1st) 190549, ¶ 76.

¶ 25 Under the "impact rule," a plaintiff who is a direct victim may recover damages if the plaintiff "suffered (1) emotional distress and (2) a contemporaneous physical injury or impact." (Internal quotation marks omitted.) *Schweihs*, 2016 IL 120041, ¶ 31. Under the "zone-of-physical-danger rule," "a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress." (Internal quotation marks omitted.) *Id.* ¶ 32. The bystander "must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." (Internal quotation marks omitted.) *Id.*

¶ 26    Here, plaintiff essentially alleged that defendant negligently inflicted emotional distress on him by rejecting his "settlement agreement" regarding a petition for an order of protection plaintiff had apparently filed against defendant. However, plaintiff set forth no facts that he was either the direct victim, or bystander, of a physical injury, impact, or illness. See *id.* ¶¶ 31-32. It is further not clear why defendant would have owed a duty to plaintiff to accept this alleged "settlement agreement." Thus, plaintiff failed to set forth a cause of action for negligent infliction of emotional distress, and the court properly dismissed the claim with prejudice.

¶ 27    Turning to plaintiff's count for gross negligence, "[n]o separate and distinct tort exists for willful and wanton conduct," or by extension gross negligence, as "willful and wanton conduct is regarded as an aggravated form of negligence." *Doe v. Coe*, 2019 IL 123521, ¶ 78; see also *Ziarko v. Soo Line Railroad Co.*, 161 Ill. 2d 267, 274-75 (1994) (Illinois case law uses interchangeably the terms "willful and wanton negligence," "gross negligence," and "willful and wanton conduct."). As we have noted, a traditional negligence claim includes the following elements: (1) "a duty owed by the defendant," (2) "a breach of that duty," and (3) "that the breach was the proximate cause of the plaintiff's injuries." *Monson v. City of Danville*, 2018 IL 122486, ¶ 23. The difference between ordinary negligence and "gross negligence/willful and wanton misconduct" is "that the latter must include the allegation of a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *West Bend Mutual Insurance Co. v. Community Unit School District 300*, 2021 IL App (2d) 210108, ¶ 42.

¶ 28    Here, plaintiff failed to clearly set forth the elements even for an ordinary negligence claim. More specifically, plaintiff's allegations essentially contain a variety of general claims that defendant was "harassing" and "stalking" plaintiff, based on the premise that defendant was

frequently seen near a property located close to plaintiff's residence, which defendant claimed to manage. Plaintiff also alleged that defendant brought women near the property and sat in his vehicle in an alley near the property, parked illegally, and committed a multitude of other actions that plaintiff took issue with. But plaintiff failed to clearly and concisely identify the legally recognized duty that defendant owed to plaintiff, the related breach of duty, and ultimately any specific resulting injury that he suffered. *Kohn v. Laidlaw Transit, Inc.*, 347 Ill. App. 3d 746, 754 (2004) (in a negligence action, a claimant must "allege facts from which the law will raise a duty and specific facts showing an omission of that duty and resulting injury").

¶ 29    Further, while plaintiff claimed to have suffered "time lost" in collecting hours of surveillance footage of defendant's actions and litigating his issues with defendant, such injury was largely incurred by plaintiff's own actions and could not have been a reasonably foreseeable consequence of defendant's alleged conduct. See *Hutson v. Pate*, 2022 IL App (4th) 210696, ¶¶ 66-67 (a person owes a duty of ordinary case to guard against "injuries which naturally flow as a reasonably probable and foreseeable consequence of an act," and "the injury must be objectively reasonable to expect"). As such, the circuit court properly dismissed plaintiff's gross negligence claim.

¶ 30    We further find the circuit court did not abuse its discretion in dismissing plaintiff's complaint with prejudice. See *Caulfield v. Packer Group, Inc.*, 2016 IL App (1st) 151558, ¶ 67 (the circuit court's decision to dismiss a complaint with prejudice will not be disturbed absent an abuse of discretion). A cause of action should not be dismissed with prejudice unless it is clear no set of facts can be proved under the pleadings which would entitle plaintiff to relief. *Perez v. Chicago Park District*, 2016 IL App (1st) 153101, ¶ 10.

¶ 31    Plaintiff's amended complaint, on its face, shows that plaintiff failed to set forth a cause of action for negligent infliction of emotional distress or gross negligence. Nor did he set forth any injury that could be addressed in court. Based on plaintiff's deficient submissions, the circuit court reasonably concluded that plaintiff would not be able to state of cause of action even if given further opportunities to amend. Nothing could be added to the innumerable allegations regarding defendant's conduct that would demonstrate the necessary duty, breach, proximate cause, and damages required to establish negligent infliction of emotional distress and/or gross negligence. Therefore, the circuit court did not abuse its discretion by dismissing his amended complaint with prejudice.

¶ 32    Plaintiff asserts that the trial court failed to consider his *pro se* status when dismissing his amended complaint. However, "[a] *pro se* litigant *** is not entitled to more lenient treatment than attorneys," and *pro se* litigants "are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 33    Similarly, we find no merit to plaintiff's contention that he was denied the right to a jury trial when his amended complaint was dismissed. "[T]here can be no denial of the right to jury trial where a complaint fails to state a cause of action." *Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Comm'n*, 34 Ill. 2d 544, 549 (1966). Moreover, although plaintiff asserts he was entitled to a legal memorandum explaining the court's bases for dismissing his amended complaint, we find no authority for that proposition. The circuit court's order did set forth the basis for the dismissal, explaining that the circuit court reviewed the amended complaint pursuant to section 2-603(a) and found that plaintiff failed to state a legally recognized cause of action.

¶ 34    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 35    Affirmed.